## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART

    Plaintiff,

vs.                                No. CV 20-00595 WJ/SMV

MARK GALLEGOS, and
CURRY COUNTY ADULT DETENTION CENTER,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Complaint for Violation of Civil Rights and amended Complaint for Violation of Civil Rights filed by Plaintiff Myrtis Paulo Hart (Doc. 1, 4).  The Court will dismiss the Complaint and amended Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Plaintiff Hart were returned as undeliverable. (Doc. 7).  The Court's research indicates that Plaintiff Hart has been released from the Curry County Adult Detention Center.  It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on July 22, 2020, directing Plaintiff Hart to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order.  (Doc. 8).  More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Hart has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Hart has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's July 22, 2020 Order to Show Cause.

Plaintiff Hart has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

Also pending before the Court are the Motion to Appoint Counsel (Doc. 3), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5), and Motion to Appoint Counsel (Doc. 6) filed by Plaintiff Hart. The Court will deny the Motions and Application as moot in light of the dismissal of this proceeding.

**IT IS ORDERED:**

- **(1)** the Motion to Appoint Counsel (Doc. 3), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5), and Motion to Appoint Counsel (Doc. 6) filed by Plaintiff Hart are **DENIED**; and
- **(2)** the Complaint for Violation of Civil Rights and amended Complaint for Violation of Civil Rights filed by Plaintiff Myrtis Paulo Hart (Doc. 1, 4) are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

- 3 -

                                              _____
                                              CHIEF UNITED STATES DISTRICT JUDGE