IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART

        Plaintiff,

vs.                                                                                             No. CV 20-00595 WJ/SMV

MARK GALLEGOS, and
CURRY COUNTY ADULT DETENTION CENTER,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO REOPEN AND CONSOLIDATE CASE AND RECALENDAR**

**THIS MATTER** is before the Court on the Motion to Reopen and Consolidate Case and ReCalendar filed by Myrtis Paulo Hart on November 22, 2021. (Doc. 11). The Court will deny the Motion.

Plaintiff Myrtis Paulo Hart is a prisoner currently incarcerated at the Curry County Adult Detention Center. Plaintiff Hart has been in and out of custody of the Curry County Adult Detention Center and other New Mexico correctional facilities multiple times over the past three years. During that time, he has filed a total of 35 civil rights and habeas corpus cases with this Court. Of those 35 cases, 25 have been filed since October 2021. Fourteen of the cases remain pending with the Court and 21 have been dismissed for failure to state a claim, for failure to comply with Court rules and orders under Fed.R.Civ.P. 41(b), as moot, or for lack of jurisdiction. A list of the cases filed by Hart as of the date of this Memorandum Opinion and Order is as follows:

1. *Hart v. State of New Mexico*, CV 19-00089 MV/GJF. Habeas corpus, dismissed under Fed.R.Civ.P. 41(b)

2. *Hart v. Gallegos*, CV 19-00128 JCH/JFR. Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

3. *Hart v. Gallegos*, CV 19-00175 RB/GBW. Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

1

4.  *Hart v. Gallegos,* CV 19-00766 JB/KBM.  Habeas Corpus, dismissed under Fed.R.Civ.P. 41(b)

5.  *Hart v. Gallegos*, CV 19-00834 MV/JHR. Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

6.  *Hart v. Gallegos,* CV 19-00932 MV/SCY.  Habeas Corpus, dismissed under Fed.R.Civ.P. 41(b)

7.  *Hart v. Gallegos,* CV 20-00595 WJ/SMV.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

8.  *Hart v. Borne*, CV 20-00965 KG/JFR.  Habeas Corpus, dismissed under Fed.R.Civ.P. 41(b)

9.  *Hart v. McDonald's,* CV 20-01044 WJ/JFR.  Civil Rights, dismissed for failure to state a claim

10.  *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GBW.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

11.  *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

12.  *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

13.  *Hart v. United States,* CV 21-0008 KG/CG.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

14.  *Hart v. Lytle,* CV 21-00017 MV/GBW.  Habeas Corpus, Pending

15.  *Hart v. Gallegos*, CV 21-00018 WJ/KBM.  Habeas corpus, dismissed as moot (no longer in custody)

16.  *Hart v. Saavedra,* CV 21-00106 KWR/GBW.  Habeas Corpus, dismissed as moot (no longer in custody)

17.  *Hart v. Guadale*, CV 21-00131 JB/SCY.  Civil Rights, voluntary dismissal

18.  *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK.  Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

19.  *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR.  Civil Rights, pending

20.  *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV. Civil Rights, dismissed under Fed.R.Civ.P. 41(b)

21.  *Hart v. Summit Food Service,* CV 21-01074 MIS/LF. Civil Rights, pending

22.  *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM. Civil Rights, pending

23. *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY.  Civil Rights, pending

24. *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW.  Civil Rights, dismissed for lack of jurisdiction

25. *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY.  Civil Rights, pending

26. *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS.  Civil Rights, pending

27. *Hart v. Adult Probation and Parole*, CV 21-1049 JB/KBM.  Civil Rights, pending

28. *Hart v. Martinez,* CV 21-01073 JB/GBW.  Civil Rights, pending

29. *Hart v. Sellers*, CV 21-01075 MV/KK.  Civil Rights, pending

30. *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV.  Civil Rights, pending

31. *Hart v. Curry County Adult Detention Center,* CV 21-00179 KG/KRS. Civil Rights, pending

32. *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF.  Civil Rights, pending

33. *Hart v. WalMart*, CV 21-01107 MV/KRS.  Civil Rights, pending

34. *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS.  Civil Rights, pending

35. *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY.  Civil Rights, pending

This case was dismissed without prejudice under Fed. R. Civ. P. 41(b) on September 16, 2020.  (Doc. 9, 10). The dismissal was based on Plaintiff's failure to keep the Court advised of his correct mailing address, failure to communicate with the Court, and failure to prosecute the proceeding.  (Doc. 9).  Plaintiff Hart did not appeal the dismissal of the case.

More than a year after the case was dismissed, Plaintiff Hart filed his Motion to Reopen and Consolidate Case and ReCalendar.  (Doc. 11).  In seeking to reopen the case, Hart does not cite to any rule of civil procedure.  He seeks to reopen this case "because it is associated with cases recently filed and is essential to the proper processing and hurrying of the reconsideration of cases that are relevant to the proper application" of a number of other listed cases.  (Doc. 11 at 1).  He

seeks to reopen this and twelve other cases that have previously been dismissed by the Court. (Doc. 11 at 1). He also seeks consolidation of 26 of his filed cases. (Doc. 11 at 1).

The only possible procedural basis for Hart's Motion to reopen would be under Fed. R. Civ. P. 60(b). Because more than a year has elapsed since entry of Judgment, relief based on mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or fraud under Fed. R. Civ. P. 60(b)(1), (2), and (3) is unavailable to Plaintiff Hart. Fed. R. Civ. P. 60(c)(1). Relief on the ground that the Judgment is void or has been satisfied, released, or discharged is inapplicable to this case. Fed. R. Civ. P. 60(b)(4), (5). Therefore, the only avenue available to Plaintiff Hart is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Hart's Motion does not articulate any reason that justifies relief. He does not even address the basis of the Court's September 2020 dismissal of this case. Instead, he claims, without any explanation as to how or why, that reopening of this case is essential to "processing and hurrying" of reconsideration of other cases. (Doc. 11 at 1). Processing and hurrying of other cases are not grounds justifying relief in this case under Rule 60(b)(6). The Court will deny Plaintiff Hart's request to reopen this case.

Plaintiff Hart also seeks to consolidate 26 other cases into this case. (Doc. 11 at 1). Under Fed. R. Civ. P. 42(a), the Court may consolidate cases that involve common questions of law or fact. Although Hart makes vague assertions that the cases he seeks to consolidate are associated with recently filed cases and are relevant to the proper application of other cases (Doc. 11 at 1), he does not identify any common question of law or fact involved in any of the listed cases. Moreover, it does not appear to the Court that any basis exists for consolidation of any or all of the cases filed by Plaintiff Hart. Many of the cases are, like this case, closed. In his pending cases, most of his complaints: (1) are not in proper form for civil rights cases; (2) are against different

defendants (including federal, state, and local agencies and officers, other state and local correctional facilities, and private entities and individuals); (3) involve different dates of occurrence; and (4) although largely undecipherable, appear to have different factual bases. The Court will deny Plaintiff Hart's requests for consolidation.

    **IT IS ORDERED** that the Motion to Reopen and Consolidate Case and ReCalendar (Doc. 11) is **DENIED** and this case remains **CLOSED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE